*PETTY'S HEIRS*
*vs*
*MONTAGUE.*

Complainants attaching a debt alledged to be due to the debtor, and not disposed of, guarnishee is entitled to a decree for the amount, but not for costs.

---

## Petty's Heirs *vs* Montague.

APPEAL FROM THE FAYETTE CIRCUIT.

*Gifts.    Specific legacies.*

JUDGE BRECK delivered the opinion of the Court.

RANSDALL PETTY made a deed of gift to three of his children, of his landed estate and slaves, but not to take effect till his death. He at the same time, by an additional writing attached to this deed, and which may be considered as constituting a part of it, provides for two other children as follows:

" And I also bargain, sell and convey to my daughter Elizabeth Webb, and my son Joel Petty, the sum of fifteen hundred dollars each, to be paid them at my death, first my property that is not mentioned in the assignment to my three children, William, Ann and Sarah Jane, to be sold to make up the amount, and should that be insuf-

CHANCERY.

Case 17.

*September* 24.

Case stated.

PETTY'S HEIRS
*vs*
MONTAGUE.

ficient, the balance to be made up of my land and ne-
groes."

Immediately after making this deed, Petty married a
second wife, to whom dower in his landed estate was de-
creed: *Petty* vs *Petty*, (4 *B. Monroe*, 215.)

At his death he left personal estate to the amount of
near five hundred dollars, which was absorbed in pay-
ment of debts, and there being still left a balance of un-
paid debts to nearly the same amount.

Decree of the
Circuit Court.

Upon this state of fact the Court below was of opinion
that the land and slaves were subject to the payment of
the whole amount of the donation to the children, Joel
and Elizabeth, and decreed accordingly.

The correctness of that opinion and decree is the only
question for consideration.

A deed of gift
giving specific
sums to the do-
nor's children,
to be raised at
his death by the
sale of property
not deeded away
if sufficient, if
not sufficient
then to be raised
by the sale of
land and slaves,
it proved insuffi-
cient. Held that
the land and the
slaves were sub-
ject to the pay-
ment of these
sums, and that
they constituted
a charge upon
the gift.

It is contended that the claims of Joel and Elizabeth
should be diminished by the amount of the personal es-
tate, that they should pay rateably, the debts, and bear
their share of the loss arising from the claim of dower.
But we are not satisfied that this position, to any extent,
can be sustained. Even applying the rules and princi-
ples, which would be applicable to the case, had the deed
been a will, we should still be of opinion that Joel and
Elizabeth would be entitled, each, to fifteen hundred dol-
lars, and that the land and slaves would be subject to its
payment, of course after the payment of debts.

The land and slaves were given subject to this charge,
and to the entire charge, should the residue of the dower
estate prove unavailing. The deed did not divest him of
the entire control of his personal estate. He could have
little or none, as he chose. He in effect, appropriated
the whole to his own use while living, in creating debts
for which it was liable. The donation to Joel and Eliza-
beth, had the deed been a will, would have been a speci-
fic legacy, and not subject, we think, according to the au-
thorities, to abatement or contribution: (*Williams on
Executors*, 842; *Ward on Legacies*, 370.) A specific
sum is given and the payment of the entire amount, we
think, is made a charge upon the land and slaves upon
the failure of the other estate.

The decree is, therefore, affirmed.

*Robinson & Johnson* for appellants; *Bullock & Breckinridge* for appellees.